- EXHIBIT A -

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
21L0884
St. Clair County
9/7/2021 2:58 PM
14613238

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

AMBER SCHNEIDER, individually and on )
behalf of all other similarly-situated current )
citizens of Illinois and the United States, )
                               )
      Plaintiff,                 )
v.                               )    No. 21-L- 0884
                               )
MOTT'S LLP,                  )
                               )
      Defendant.              )

Serve: Mott's LLP
       CT Corporation System, Reg. Agent
       1999 Bryan St., Suite 900
       Dallas TX 75201-3136

## CLASS ACTION COMPLAINT

Plaintiff, Amber Schneider, individually and on behalf of all other similarly-situated current citizens of Illinois and current citizens of the United States, alleges the following facts and claims upon personal knowledge, investigation of counsel, information and belief.

### NATURE OF THE CASE

1.     This case arises out of deceptive, unfair, and false merchandising practices of Mott's LLP's ("Motts" or "Defendant") with respect to its Applesauce; Applesauce Cinnamon; Applesauce Pear; Applesauce Tropical; Applesauce Strawberry; Applesauce Mixed Berry; and Applesauce Mango Peach (collectively, the "Applesauce").

2.     On the label of the Applesauce, Defendant prominently represents that the Applesauce is "MADE FROM 100% REAL FRUIT" which leads Illinois and United States consumers to believe that the Applesauce does not contain ingredients other than apples or other fruit.

3.     However, in addition to apples, the Applesauce also contains high fructose corn syrup and ascorbic acid (the "Non-Fruit Ingredients").

4.     High fructose corn syrup is a highly industrialized food-grade sweetener manufactured from the isomerization of glucose in corn syrup into fructose, and is added to processed foods primarily as an artificial sweetener.

5.     High fructose corn syrup is not fruit.

6.     While ascorbic acid may be a source of Vitamin C, food-grade ascorbic acid is a commercially-manufactured food additive used in processed foods primarily as an antioxidant to control the growth of microorganisms, i.e. it is a preservative.

7.     Ascorbic acid is not fruit.

8.     The Applesauce contains the Non-Fruit Ingredients in direct contravention to its express representation that it is "MADE FROM 100% REAL FRUIT."

9.     Plaintiff and reasonable consumers reasonably believe, define, and assume that Applesauce labeled "MADE FROM 100% REAL FRUIT" is made from 100% real fruit and does not contain any non-fruit ingredients.

10.     Because the Applesauce contains the Non-Fruit Ingredients, the representation that the Applesauce is "MADE FROM 100% REAL FRUIT" is unfair, false, deceptive, and misleading.

11.     Defendant's misrepresentation unlawfully causes Plaintiff and Class Members to pay an inflated price for the Applesauce.

12.     Plaintiff brings this case to recover damages and for injunctive relief as a result of Defendant's false, deceptive, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and common law.

## PARTIES

13.      Plaintiff, Amber Schneider, is an Illinois citizen residing in Belleville, St. Clair County, Illinois.  On numerous occasions during the Class Period (as defined below), including as recently as on or about March 15, 2021, Plaintiff purchased Defendant's Applesauce at Schnuck Markets in Belleville for personal, family, or household purposes after reviewing the packaging label and noting that it said "MADE FROM 100% REAL FRUIT."  The purchase price of the Applesauce was approximately $2.74 per unit.  Plaintiff's claim is typical of all Class Members in this regard.  Moreover, the label of each of the Applesauce is substantially similar such that Plaintiff has standing to bring claims on behalf of Applesauce she has not actually purchased.

14.      Defendant, Mott's LLP, is a Delaware limited liability partnership with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

15.      This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

16.      Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Applesauce.  There is therefore no diversity jurisdiction over this case.

17.      Because the value of Plaintiff's claims is typical of all Class Members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five-million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.  There is therefore no CAFA jurisdiction for this case.

18.      Defendant cannot plausibly allege that it had sufficient sales of the Applesauce in Illinois during the Class Period to establish an amount in controversy that exceeds CAFA's

jurisdictional threshold.

19.     This Court has personal jurisdiction over Defendant because Defendant has more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed affirmative tortious acts within the State of Illinois that gives rise to civil liability, including fraudulently distributing the Applesauce for sale throughout the State of Illinois and the United States.

20.     Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transaction out of which the causes of action arose occurred in this county.

## ALLEGATIONS OF FACT

21.     Defendant produces, markets, and sells the Applesauce throughout the United States, including Illinois.

22.     Defendant affixed a label to the containers in which it sells its Applesauce stating "MADE FROM 100% REAL FRUIT."  The label misleads consumers because it misstates the ingredients in the applesauce.

23.     Defendant then placed the Applesauce with the misleading labels into the stream of commerce, where they were purchased by Plaintiff and Class Members.

24.     Reasonable consumers in Illinois and the United States assume that food product labeling is true and accurate, and manufacturers, including Defendant, know that reasonable consumers rely upon those labels in making their purchasing decisions.

25.     Plaintiff and reasonable consumers rely on the truth and accuracy of Defendant's labels, including information about the ingredients.

26.     The misrepresentation described herein is material in that it concerns the type of information upon which a reasonable consumer would be expected to rely in deciding whether to

purchase the Applesauce. Specifically, the claim that the Applesauce is "MADE FROM 100% REAL FRUIT" is a material fact.

27.     Defendant claims that the Applesauce is "MADE FROM 100% REAL FRUIT" when it also contains high fructose corn syrup as a sweetener and ascorbic acid as a preservative.

28.     Reasonable consumers therefore pay more for 100% real fruit that they do not actually receive, and for which they would have paid less had the truth been known.

29.     At all times, Defendant intended for consumers including the Plaintiff to rely on the label's representation.

30.     Plaintiff and reasonable consumers have been actually deceived by Defendant's misrepresentation.

31.     At all times, Defendant's misrepresentation was intentional. Defendant  knew (a) what ingredients it was putting in the Applesauce; (b) that its own label misrepresented what ingredients were in the Applesauce; (c) that reasonable consumers would view, assume true, and rely upon information on the label in making their purchasing decisions; (d) that the label misstated what ingredients were in the Applesauce; (e) it was not giving the consumer the benefit of the bargain; and (f) that it was fraudulently charging consumers for 100% fruit when it knew there were additives in the Applesauce.

32.     Defendant's misrepresentation constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of a deception, fraud, false pretense, false promise, or misrepresentation within the meaning of the ICFA.

33.     As to the particulars of Defendant's fraudulent conduct, Defendant intentionally and knowingly misrepresented the ingredients in the Applesauce by falsely claiming that the

Applesauce is "MADE FROM 100% REAL FRUIT," which it intended consumers to rely upon whenever they read the label and purchased the product.

34.     Plaintiff provided pre-suit notice of a breach of warranty, having apprised the Defendant in writing of the problem with the Applesauce that she purchased.

35.     There is substantial danger that the Defendant's wrongful retail practices will continue because Defendant continues to advertise, distribute, label, manufacture, market and sell the Applesauce in a false, misleading unfair and deceptive manner, all while denying same.

## CLASS ALLEGATIONS

36.     Pursuant to 735 ILCS 5/2-801 *et. seq.*, Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

**The "Illinois Class" applicable to Count I:**

All current citizens of Illinois who purchased Mott's Applesauce, Applesauce Cinnamon, Applesauce Pear, Applesauce Tropical, Applesauce Strawberry, Applesauce Mixed Berry, and/or Applesauce Mango Peach in the three years preceding the filing of this Complaint (the "Class Period").

**The "Nationwide Class" applicable to Counts II and III:**

All current citizens of the United States who purchased Mott's Applesauce, Applesauce Cinnamon, Applesauce Pear, Applesauce Tropical, Applesauce Strawberry, Applesauce Mixed Berry, and/or Applesauce Mango Peach in the Class Period.

37.     Excluded from the Classes are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, its legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years;

and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

38.     Upon information and belief, the Classes consist of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

39.     There are numerous and substantial questions of law or fact common to all of the members of the Classes and which predominate over any individual issues. Included within the common question of law or fact are:

a.      whether the Applesauce labels are false, misleading, and deceptive;

b.      whether Defendant violated ICFA by selling the Applesauce with false, misleading, and deceptive representations;

c.       whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d.      whether Defendant breach express and/or implied warranties to Plaintiff and the Class Members;

e.      whether Defendant intended that Plaintiff and the Class Members would rely on its representations;

f.      whether Defendant's acts constitute deceptive, unfair, and fraudulent business acts and practices or deceptive, untrue, and misleading merchandising practices;

g.      whether Defendant was unjustly enriched; and

h.      the proper measure of damages sustained by Plaintiff and Class Members.

40.     The claims of Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members and there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class.

41.     Class Members and Plaintiff have no interests adverse to the interests of other Class Members.

42.     Plaintiff will fairly and adequately protect the interests of Class Members and has retained competent and experienced counsel.

43.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.      the claim presented in this case predominates over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b.      absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.      given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.      when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.      this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

44.     Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

45.     Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications

with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

### (Violation of ICFA applicable only to the Illinois Class)

46.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-45 as if fully set forth herein.

47.     The Illinois Consumer Fraud Act ("ICFA") declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce[.]" 815 ILCS 505/2.

48.     Defendant violates ICFA because its actions constitute "unfair and deceptive acts" that include but are not limited to "the use and employment of deception, fraud, false pretenses, false promises, misrepresentation and the concealment, suppression and omission of a material fact." As described above, Defendant's deceptive acts occurred during its course of conduct involving trade and commerce in that Defendant is in the business of manufacturing, distributing, and selling the Applesauce, and it does so across the United States, including in Illinois and in St. Clair County.

49.      Defendant's actions constitute deceptive and unfair practices in the conduct of trade or commerce in that the label of the Applesauce leads consumers to believe that the Applesauce is "MADE FROM 100% REAL FRUIT" when the product actually contains the Non-Fruit Ingredients.  The product was therefore worth less than the product as represented, consumers paid a price premium which they would not have paid absent Defendant's misrepresentations, and consumers did not receive the benefit of their bargain.

50.      Defendant intended that Plaintiff and the Class Members would rely on its false labels.  Defendant is aware that consumers like Plaintiff and Class Members are interested in purchasing the amount of the Applesauce that is represented on the label.  Defendant intended to prey on this interest.

51.      Defendant's misrepresentation is material because it conveys false information that reasonable consumers would rely upon when considering whether to purchase the product.

52.      Defendant's practice of misrepresenting the Applesauce's ingredients is also unfair. The practice offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are interested in getting what they pay for.  Selling the Applesauce with false promises about the ingredients offends the public's expectation to be told the truth about the products they are buying.

53.      Defendant's conduct proximately causes actual economic damages to consumers because:

   a.      neither Plaintiff nor any reasonable consumer would expect to find the Non-Fruit Ingredients in Applesauce labeled "MADE FROM 100% REAL FRUIT;"

   b.      consumers purchase the product believing they will receive 100% real fruit but they do not actually receive 100% real fruit; and

   c.      consumers therefore do not receive the benefit of the bargain.

54.     Because the Applesauce contains the Non-Fruit Ingredients, the Applesauce as sold was worth less than the Applesauce as represented, and Plaintiff and Class Members paid an excess amount for it.  Had the truth be known, consumers would not have purchased the Applesauce at all, or would have paid less for it.

## COUNT II

### (Breach of Express Warranty applicable to the Nationwide Class)

55.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-45 as if fully set forth herein.

56.     Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Applesauce is "MADE FROM 100% REAL FRUIT" guaranteeing to Plaintiff and the Class Members that the Applesauce was in conformance with the representation.

57.     This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased the Applesauce, and Plaintiff and Class Members relied on the affirmation when making their purchasing decisions.

58.     Defendant breached its express warranty that the Applesauce is "MADE FROM 100% REAL FRUIT" by providing Plaintiff and Class Members with Applesauce containing the Non-Fruit Ingredients.

59.     As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Applesauce that was not what it was represented to be, and they have spent money on Applesauce that had less value than was reflected in the premium purchase price they paid for the Applesauce.

60.     Because Defendant made the affirmation of fact and promise directly on its own labels and packaging, privity is not required to bring this claim.

61.     Because Defendant is the sole manufacturer and seller of the Applesauce, it has actual knowledge that the Applesauce is falsely labeled, and therefore pre-suit notice of this claim is not required.

62.     Nonetheless, Plaintiff has provided Defendant with written notice of its breach of warranty.

63.     As a proximate result of Defendant's breach of express warranty, Plaintiff and Class Members suffered economic damages, including the full purchase price of the Applesauce or the premium paid for it.

## **COUNT III**

### **(In the alternative, Unjust Enrichment applicable to the Nationwide Class)**

64.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-45 as if fully set forth herein.

65.     Plaintiff and the Class Members conferred a benefit on Defendant in that they purchased the Applesauce that was manufactured, distributed, and sold by the Defendant.

66.     Defendant appreciated the benefit because, were consumers not to purchase the Applesauce, Defendant would have no sales and would make no money from the Applesauce.

67.     Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representation about the ingredients in the Applesauce.

68.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of state common law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays

the Court:

   a.    grant certification of this case as a class action;

   b.    appoint Plaintiff as Class Representative and Plaintiff's counsel as Class
         Counsel for both Classes;

   c.    issue appropriate injunctive relief;

   d.    award compensatory damages to Plaintiff and the proposed Classes or,
         alternatively, require Defendant to disgorge or pay restitution;

   e.    award statutory and punitive damages to Plaintiff and the proposed Classes;

   f.    award pre- and post-judgment interest;

   g.    award reasonable and necessary attorneys' fees and costs to Class counsel;
         and

   h.    For all such other and further relief as may be just and proper.

Dated: September 7, 2021          Amber Schneider, individually, and on behalf of other
                                  similarly-situated current citizens of Illinois and the United
                                  States, Plaintiff


                         By:      /s/ David C. Nelson
                                  David C. Nelson (ARDC 6225722)
                                  NELSON & NELSON, ATTORNEYS AT LAW, P.C.
                                  420 North High Street, P.O. Box Y
                                  Belleville, IL 62222
                                  Tel:    618-277-4000
                                  Email: dnelson@nelsonlawpc.com

                                  Matthew H. Armstrong (ARDC 6226591)
                                  ARMSTRONG LAW FIRM LLC
                                  8816 Manchester Rd., No. 109
                                  St. Louis, MO 63144
                                  Tel:    314-258-0212
                                  Email: matt@mattarmstronglaw.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
Blake E. Mattingly (*pro hac vice application forthcoming*)
Texas State Bar No. 24104229
Steckler Wayne Cochran Cherry PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
Tel:     972-387-4040
Email: stuart@swclaw.com
Email: blake@swclaw.com

*Attorneys for Plaintiff and the Putative Class*

- EXHIBIT B -

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois      )
                       ) S.S.
County of St. Clair    )

**Case Number**  21L0884

**Amount Claimed**  Over $50,000.00

| | |
|---|---|
| AMBER SCHNEIDER, individually and on behalf of all other similarly-situated current citizens of Illinois and the United States, | MOTT'S LLP |
| **VS** | |
| Plaintiff(s) | Defendant(s) |

Classification Prefix  **L**      Code  **02**      Nature of Action  **Tort**      Code  **2**

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

Pltf. Atty.  David C. Nelson          Code 6225722      NAME
Address   420 N. High, P.O. Box Y
City   Belleville, IL  62222          Phone 618-277-4000
Add. Pltf. Atty.                      Code          ADDRESS

### SUMMONS COPY

To the above named defendant(s). . . . . . :

CITY & STATE

Mott's LLP, Registered Agent
CT Corporation System
1999 Bryan St., Suite 900
Dallas TX 75201-3136

☐ **A.** You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

9/7/2021

**WITNESS,** _____ 20____

Elysia Agne

KAHALAH A CLAY, Circuit Clerk

**Clerk of Court**

**S**

**BY DEPUTY:** _____

**DATE OF SERVICE:** _____ 20____
(To be inserted by officer on copy left with defendant or other person)



I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                    Date of service

_____         _____

_____         _____

_____         _____

_____         _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

SHERIFF'S FEES

Service and return _____ $_____
Miles _____ . . . . . . . . . . .$_____
Total . . . . . . . . . . . . . . . . . . . . . .$_____


Sheriff of _____ County

_____, Sheriff of _____County

_____, Deputy

- EXHIBIT C -

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
21L0884
St. Clair County
9/13/2021 12:53 PM
14791192

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**
**COUNTY OF ST. CLAIR, STATE OF ILLINOIS**

AMBER SCHNEIDER, individually and on )
behalf of all other similarly-situated current )
citizens of Illinois and the United States, )
                               )
       Plaintiff, )
                               )
v.                             )     No. 21-L-0884
                               )
MOTT'S LLP,             )
                               )
       Defendant. )

**NOTICE AND ACKNOWLEDGMENT**
**OF RECEIPT OF SUMMONS AND COMPLAINT**

To:    Charles Sipos, Counsel for Mott's LLP
        Perkins Coie LLP
        1201 Third Avenue Suite 4900
        Seattle, WA 98101-3099
        CSipos@perkinscoie.com

The enclosed Summons and Complaint are served pursuant to 735 ILCS 5/2-213

of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the

completed form to the sender within 30 days.

You must sign and date the acknowledgment. If you are served on behalf of a

corporation, unincorporated association (including a partnership), or other entity, you must

indicate under your signature your relationship to that entity. If you are served on behalf of

another person and you are authorized to receive process, you must indicate under your signature

your authority.

Page 1 of 3
Case No.:  21-L-0884

If you do not complete and return the form to the sender within <u>30</u> days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within <u>60</u> days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been emailed on September 13, 2021.

Signature _____ Date of Signature ____September 13, 2021____

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62222
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

Attorney for AMBER SCHNEIDER and
the Proposed Class

## <u>ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT</u>

I declare, under penalty of perjury, that I received a copy of the summons and of the

complaint in the above-captioned matter at __via email at csipos@perkinscoie.com__ .


Relationship to Entity/Authority to Receive Service of Process:

__Counsel of Record for Defendant Mott's LLP__

(Not Applicable if you are the named Defendant or Respondent)

Signature _____ Date of Signature __September 23, 2021__

Page 3 of 3
Case No.:  21-L-0884

- EXHIBIT D -

 **St. Clair County**
I L L I N O I S

🔍    I Want To...

🏠 › Departments › Circuit Clerk › Courts › Civil Records

Return to Previous Page

| Case Detail | |
|---|---|
| **Case Number:** 21-L-0884 | **Presiding Judge:** NOT ASSIGNED |
| **Case Filing Date:** 09/07/2021 | **Case Type:** TORT MONEY DAMAG OVER 50,000 |
| **Appearance Type:** This case does not have any appearance history! | **Case Status:** Open |

### Case Participants (Click on a row for details)

| Participant Name | Type | Role | Status | Status Date |
|---|---|---|---|---|
| (NAME FIELD IS EMPTY) | JUDGE | Judicial | Active | 09/07/2021 |
| NELSON, DAVID C | ATTORNEY | Party | Active | 09/07/2021 |
| SCHNEIDER AMBER | PLAINTIFF | Party | Active | 09/07/2021 |
| MOTT S LLP | DEFENDANT PRO SE | Party | Active | 09/07/2021 |

### Register of Actions

| Event Date | Event Description | Party Type | Party Name |
|---|---|---|---|
| 09/29/2021 | DOC:NOTICE | ADMINISTRATION | |
| 09/13/2021 | DOC:NOTICE | ADMINISTRATION | |
| 09/07/2021 | DOC:SUMMONS ISSUED | ATTORNEY | NELSON, DAVID C |
| 09/07/2021 | DOC:OTHER DOCUMENT NOT LISTED | ATTORNEY | NELSON, DAVID C |
| 09/07/2021 | DOC:OTHER DOCUMENT NOT LISTED | ATTORNEY | NELSON, DAVID C |
| 09/07/2021 | DOC:MOTION | ATTORNEY | NELSON, DAVID C |
| 09/07/2021 | DOC:COMPLAINT FILED | ATTORNEY | NELSON, DAVID C |
| 09/07/2021 | DOC:AFFIDAVIT | ATTORNEY | NELSON, DAVID C |

---

 **St. Clair County**
I L L I N O I S

**County Office Address**
#10 Public Square
Belleville, IL 62220

**Contact Info**
(618) 277-6600
WEBMASTER@CO.ST-CLAIR.IL.US

Copyright ©2021 St. Clair County, Illinois. All rights reserved.

Privacy Statement   Terms Of Use