# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| AMBER SCHNEIDER, individually and on behalf of all similarly-situated current citizens of Illinois and the United States<br><br>Plaintiffs,<br><br>v.<br><br>MOTT'S LLP,<br><br>Defendant. | Case No. 3:21-cv-01251<br><br>Chief Judge Nancy J. Rosenstengel |

## DEFENDANT MOTT'S LLP'S STATEMENT OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to this Court's Order (Dkt. 29), Defendant Mott's LLP ("Mott's") submits this statement in support of its Motion to Dismiss (Dkt. 20) ("Motion").

In *Song v. Champion Petfoods USA, Inc.*, 27 F.4th 1339 (8th Cir. 2022), the Eighth Circuit Court of Appeals issued a published opinion affirming the district court's dismissal on reasonable consumer grounds. *See* Exhibit A. Plaintiffs in *Song* challenged the claim that the defendant's dog food was made with "fresh regional ingredients," with plaintiffs contending that this meant "*all* of the dog-food ingredients were fresh and regional." Ex. A at 5 (emphasis added). The Eighth Circuit rejected this argument, deeming that an implausible interpretation of the label under the "reasonable consumer" standard. *Id.* (citing *Weaver v. Champion Petfoods, USA Inc.*, 3 F.4th 927, 937 (7th Cir. 2021)). The court further explained this interpretation was discredited by language on the rest of the label explaining that "Champion uses non-fresh and non-regional ingredients. . . ." Ex. A at 5.

*Song* supports several of Mott's grounds for dismissal. First, *Song* confirms that the entire product label is relevant to the "reasonable consumer" analysis, and that whether a label is

deceptive can be decided at Rule 12. Ex. A at 4-5; Mott's Reply (Dkt. No. 26) at 3-4 (discussing *Weaver*). Second, *Song* reaffirms that other language on the label is relevant to the interpretation of the contested claim—here that includes language on the Applesauce's label explaining that because it is made from 100% real fruit, it "may contain seeds, stems or other pieces of natural fruit." Dkt. No. 26 at 2; Ex. A at 4. Third, *Song* supports Mott's argument that references to a particular ingredient in a food does not communicate that is the *only* ingredient in the food. Dkt. No. 26 at 3-4; Ex. A at 4.

The *Song* court's footnoted citation to *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 473-74 (7th Cir. 2020), *see* Ex. A at 5 n.7, does not undermine *Song*'s applicability, because the "Made From 100% Real Fruit" statement is a truthful description of the product, not a misrepresentation.

Dated: April 6, 2022

MOTT'S LLP

By: */s/ Emily Craven*
One of Its Attorneys

Charles C. Sipos, Bar No. 32825
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000

Jasmine Wei-Ming Wetherell, Bar No. 288835
JWetherell@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900

Emily R. Craven, Bar No. 6332587
ECraven@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: +1.312.324.8400

## CERTIFICATE OF SERVICE

I, Emily Craven, hereby certify that on April 6, 2022, I caused the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Emily Craven*
Emily Craven